# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

      **vs.**                                **CASE NO.8:06-CR-513-T-24MSS**
**DEREK McCALLA**
      **Defendant**

### ORDER

This case is before the Court on Defendant Derek McCalla's Amended Motion to Suppress (Doc. 33). The United States filed a response in opposition. (Doc. 31). The Court conducted an evidentiary hearing on March 21, 2007. Defendant seeks to suppress a firearm and drugs which law enforcement officers recovered from inside the vehicle that Derek McCalla was driving. Defendant also seeks to suppress any statements he made subsequent to the search of his vehicle. The Court finds that the motion to suppress should be DENIED.

### **BACKGROUND**

On October 24, 2005 at approximately 3:27 AM, Temple Terrace Police Officer Zachary Brown encountered a vehicle driven by Defendant McCalla. The vehicle was stopped at a light on 56th Street and Busch Boulevard in Temple Terrace, Florida, and Officer Brown was directly behind the vehicle. When the vehicle made a turn onto Busch Boulevard going west, Officer Brown observed the vehicle swerve out of its lane almost hitting another vehicle directly to its left. He then observed the vehicle swerve out of its lane to the right. Officer Brown activated

his lights and initiated a traffic stop of the vehicle based on  the traffic violations of careless driving and/or improper lane change.

The vehicle finally stopped in a parking lot at 4998 Busch Boulevard, about four blocks after Officer Brown activated his lights. By the time the vehicle stopped, it had exited the City of Temple Terrace and entered the City of Tampa.  Although Officer Brown could not see inside the vehicle due to the vehicle's tinted windows, after he approached the vehicle and the driver's window was lowered, he determined that there were two occupants.  He asked the defendant, who was driving, for his drivers' license and the passenger for identification.  The passenger had no identification but provided a name of Terrence Hughes and a date of birth.

Officer Brown returned to his vehicle and radioed dispatch to run McCalla's drivers' license and the identification of the passenger to determine if the license was valid and if there were any outstanding warrants for either the driver or the passenger. During this time, a second Temple Terrace police officer arrived on the scene, Officer Darren Berberat. Based on information received from the Temple Terrace police dispatch, Officer Brown determined that the passenger had given him a false name and he reapproached the vehicle to determine the correct name of the passenger.  During this time the officers also noticed that the break lights of the vehicle were on, indicating to them that the driver had not turned off the motor of the vehicle.  Officers Brown and Berberat approached the vehicle and instructed McCalla to turn off the engine, and Officer Brown took the keys to the vehicle.  The officers then obtained a new name and date of birth from the passenger, who now identified himself as Shaka Aquil.

Officer Brown again checked with the dispatch operator and understood her to say that there was a warrant for Aquil and that McCalla had a suspended license.  Officers Brown and Berberat then approached the vehicle with the intent to arrest the passenger, Aquil, on the warrant.  As they did so, Aquil opened the passenger door and began shooting at the police officers.  Both officers returned fire, but Aquil managed to exit the vehicle and run away. The Officers then noticed that the driver, McCalla, had exited the vehicle and was lying face down on the ground in a prone position.  A third officer who had arrived detained McCalla and handcuffed him.  Officers Brown and Berberat then searched the passenger compartment of the vehicle locating a handgun and drugs which McCalla subsequently admitted were his.

**DISCUSSION:**

Defendant argues that the gun and the drugs found in the vehicle should be suppressed because Officer Brown had no legal basis for stopping the vehicle, and even if there was a legal basis for the stop, the Temple Terrace Police Officers who searched the vehicle lacked the probable cause necessary to search the vehicle. Defendant also argues that any subsequent statements he made should be suppressed as "fruit of the poisonous tree."

A.  The Traffic Stop

At the time Officer Brown initiated the traffic stop, he had probable cause to believe the driver had committed a traffic violation (careless driving and/or improper lane change).  The decision to stop a vehicle is reasonable where the police officer has probable cause to believe that a traffic violation has occurred.  Whren v. United States, 517 U.S. 806,810 (1996). The constitutional reasonableness of the traffic stop doesn't depend on the actual motivation of the

officers involved but upon whether the officer had probable cause to believe the traffic laws were violated.   Here, Officer Brown observed McCalla   commit what he believed was a violation of the traffic laws.   There was no evidence presented to the court that Officer Brown had any motive for stopping McCalla's vehicle other than to enforce the traffic laws.

B.  The Search

When Aquil, the passenger, shot at Officers Brown and Berberat putting their safety in jeopardy and forcing them to return the gunfire, the officers had probable cause to believe that a crime had been committed and that Aquil had committed the crime.  They had probable cause to arrest him and seize and search the vehicle he occupied as he began shooting. The immediate search of the vehicle was reasonable based on the exigent circumstances and officer safety even though McCalla, the driver, had exited the vehicle. Even if the search of the vehicle cannot be upheld based on officer safety,  the firearm and the drugs would have been inevitably discovered when law enforcement conducted an inventory search of the vehicle.

Officers Brown and Berberat both testified that according to the Temple Terrace Police Department Vehicle Impound Policies and Procedures (which were also admitted into evidence as the United States' Exhibit 1), the vehicle was going to be impounded as evidence of a crime and an inventory search conducted.  An inventory search of the vehicle would have resulted in the discovery of the firearm and the drugs.

C. Jurisdiction

Although not raised in the Defendant's written motion, Defendant argued at the hearing that Officer Brown, a Temple Terrace Police Officer, did not have jurisdiction to stop or search

his vehicle because the vehicle was ultimately stopped and searched outside of the Temple Terrace city limits.  This argument is without merit because Officer Brown observed the traffic violation within the Temple Terrace city limits.  The fact that McCalla, the driver of the vehicle, did not immediately stop when Officer Brown initiated the stop but traveled approximately four blocks until he crossed over into the City of Tampa before coming to a stop does not strip Officer Brown of the right to complete the traffic stop or investigate a subsequent crime related to that stop.  See Fla. Stat. §901.252.

Having considered the amended motion, the response, the testimony at the evidentiary hearing and the argument by counsel, the Court finds that the motion to suppress should be DENIED.

Done and Ordered this 2nd day of April, 2007.


SUSAN C. BUCKLEW
United States District Judge