UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DEREK McCALLA

v.  Case No. 8:06-cr-513-T-24-TGW
 8:10-cv-626-T-24-TGW
UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner's timely motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90). The Government filed a Response in Opposition (CV Doc. 5). Because a review of the motion and the file in this case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter. As explained below, Petitioner's argument is without merit; therefore, his § 2255 motion is denied.

**I. Background**

On December 14, 2006, a grand jury returned an indictment charging Petitioner with two counts of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 21 U.S.C. § 924(c). (CR Doc. 8.)

On April 23, 2007, the Court held a bench trial at Petitioner's request and found Petitioner guilty of all four counts. (CR Docs. 48, 57.) On July 30, 2007, the Court sentenced Petitioner to 262 months imprisonment. (CR Docs. 58, 59.) Petitioner directly appealed his conviction and sentence. (CR Doc. 61.) On September 3, 2008, the Eleventh Circuit affirmed in

part, vacated in part, and remanded Petitioner's conviction and sentence. See United States v. McCalla, No. 07-13714, slip op. (11th Cir. September 3, 2008); CR Doc. 80. On April 14, 2009, the Court resentenced Petitioner to 130 months imprisonment. (CR Docs. 84, 86.) Petitioner timely filed the instant § 2255 motion on March 12, 2010, claiming that his counsel was ineffective for failing to investigate the interstate commerce nexus of the firearms that were the basis for the charges in counts one and four of the indictment. (CV Doc. 1; CR Doc. 90.)

**II. Standard of Review**

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. See id.

To succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. See id. at 690. The movant carries a heavy burden because reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Simply showing that counsel erred is not sufficient under this test. See id. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. See id. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### III. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective for failing to investigate the interstate commerce nexus of the firearms that were the basis for the charges in counts one and four of the indictment. Petitioner has attached to his motion a notarized letter dated January 25, 2010, which apparently was directed to the "Taurus Gun Manufacturing Company" from Petitioner's mother, Minnie McCalla. (CV Doc. 1, Ex. 2.) In the letter, Ms. McCalla references a conversation in which a Taurus representative confirmed to her that the 9 mm semi-automatic pistol her son was convicted for possessing in count one was manufactured by Taurus in 1990. Id. Interestingly, she does not claim the Taurus representative told her where the firearm was manufactured. Petitioner contends that his attorney was ineffective for not investigating the origin of the firearms in question and, seemingly by extension, uncovering information of this nature.

However, the Government has provided definitive evidence that the firearms in question were manufactured in Brazil: (1) a letter dated May 5, 2010, from the President and CEO of Taurus, advising the United States Attorney's office that the firearms that are the basis of Petitioner's convictions were manufactured in Brazil (Doc. 5, Ex. 6); and (2) a report by the

3

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") dated October 13, 2006, finding that the Taurus 9mm pistol was manufactured in Brazil, "was received and/or processed" in Florida, and therefore "traveled in or affected interstate and foreign commerce" (Doc. 5, Ex. 5). The Government provided the ATF report to Petitioner's counsel on December 29, 2006, long before his April 23, 2007 bench trial. (Doc. 5 at 8.) Counsel cannot be deemed ineffective for failing to investigate a firearm's interstate commerce nexus when he is presented with definitive evidence establishing such a nexus.

Moreover, Petitioner stipulated to the interstate commerce nexus for both guns. (CR Doc. 75 at 23.) During the bench trial, the Government read into the record the stipulation, which was signed by both Petitioner and his counsel, and the Court explicitly asked Petitioner and his trial counsel to confirm that they were not objecting to the facts included in the stipulation. Id. Both Petitioner and his counsel confirmed that they had no objections. Id. Petitioner had the opportunity to contest the interstate commerce nexus at trial but affirmatively chose not to do so.

Accordingly, this Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel. An evidentiary hearing is neither necessary nor warranted.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Petitioner's § 2255 motion (CV Doc. 1; CR Doc. 90) is **DENIED**;

(2)  Petitioner's Motion for Leave to Proceed in forma pauperis (CV Doc. 2) is **DENIED as moot**; and

(3)  The Clerk is directed to enter judgment against Petitioner in the civil case and to close the case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of May 2010.

Copies to:
Counsel of Record
Pro Se Petitioner

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge